## BROWN, Price Adm'r, OPA, v. CUMMINS DISTILLERIES CORPORATION et al.
### No. 585.

District Court, W. D. Kentucky, Louisville Division.

Jan. 22, 1944.

George J. Burke, of Washington, D. C., Gen. Counsel, James Gruener, of Cleveland, Ohio, Regional Atty., Thomas I. Emerson, of New Haven, Conn., Association Gen. Counsel, Robert H. Trenkamp, of Cleveland, Ohio, Regional Enforcement Atty., Raymond C. Stephenson, Chief Atty., Fritz Krueger, Chief Enforcement Atty., and Homer B. Parrent, Enforcement Atty., all of Louisville, Ky., for plaintiff.

Allen P. Dodd and John Skaggs, both of Louisville, Ky., for defendants John W. Smart and A. J. Cummins.

David R. Castleman and J. V. Norman, both of Louisville, Ky., for defendant Roy St. Lewis.

Irvin Marcus and Davis, Boehl, Viser and Marcus, all of Louisville, Ky., for defendant Earl J. Mock.

MILLER, District Judge.

This action was filed by the Price Administrator, Office of Price Administration, against the defendants Cummins Distilleries Corporation, its four officers, and its seven directors, three of whom are also officers, to recover $180,055.98 as treble damages under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. The complaint alleges that during the period of September 18, 1942 through December 21, 1942 the Cummins Distilleries Corporation by and through its authorized agents and representatives (naming specifically its officers and directors) sold bulk whiskey at prices which were in excess of the maximum price therefor under Maximum Price Regulation No. 193 in the amount of $57,375.61; and that during the period of July 31, 1942 through December 31, 1942 the same defendants sold whiskey in cases and gin in cases at prices in excess of the maximum price therefor as established under General Maximum Price Regulations and Maximum Price Regulation No. 193 in the amount of $2,643.05. An amended complaint alleges that six of the individual defendants were acting directors of the corporation at the times referred to and as such directors aided, permitted and caused the corporation to deplete and dispose of more than seventy-five percent of its assets without discharging the corporation's liability and indebtedness to its creditors including the Government of the United States, when it acquired a sum of approximately $4,500,000 which it thereafter disposed of with the approval and direction of the defendants named.

Several of the defendants have filed motions for summary judgment and also answers which contain in the first paragraphs thereof a motion to dismiss the complaint.

These motions raise the same questions as were raised by similar motions in the companion case of Prentiss Brown, Price Administrator v. Cummins Distilleries Corporation and its stockholders, Action No. 584, D.C.Ky., 53 F.Supp. 659, this Division, and in which an opinion has been handed down today. The views and rulings therein are decisive of the motions in this case. Reference is accordingly made to that opinion for a discussion of the questions involved without it being necessary to restate them herein.

This action presents one additional question not involved in Action No. 584, in that it attempts to impose liability upon the officers and directors of the Cummins Distilleries Corporation for sales made by that corporation in excess of the maximum prices established therefor. Ordinarily, such liability, if any, would be that of the corporation alone. However, Section 205 (e) of the Emergency Control Act of 1942 imposes the liability prescribed by the Act upon "any person" selling the commodity in violation of the maximum price. Section 302 of the Act defines the term "person" as including both a corporation and its representatives. Since the complaint proceeds against the individual defendants as the representatives of the defendant corporation and alleges that they acted as its representatives in the sale and delivery of the whiskey and gin in question, it would appear for the purpose of the present motions that they are properly joined as defendants. Whether or not any individual defendant either as an officer or director participated in the sales complained of is a question of fact of such detail that the Court would prefer to receive evidence upon the issue involved rather than to dispose of the matter in a summary proceeding upon affidavits.

The plaintiff has filed a motion to strike Paragraphs IV, V, VI, VII and VIII of the answer of A. J. Cummins and so much of the answer of each of the defendants as adopted these paragraphs of the answer of A. J. Cummins as part thereof. A similar motion was also discussed and disposed of in the companion case against the corporation and its stockholders, Action No. 584, and for the reasons indicated therein this motion is overruled. Counsel for plaintiff will draft and tender for entry the appropriate order giving effect to these rulings.