BOWLES, Adm'r, OPA, v. LECHT et al.
No. 258.

District Court, D. Rhode Island.
March 29, 1944.

See also 68 F.Supp. 988.

Jacob S. Temkin and Santi J. Paul, both of Providence, R. I., for plaintiff.

Ernest L. Shein, of Providence, R. I., for defendants.

HARTIGAN, District Judge.

This matter was heard on the following motion:

"Now comes Ernest L. Shein who was appointed by Order of this Court on August 6, A. D. 1943 Attorney for Joshua Lecht, under the Soldiers' & Sailors' Civil

Relief Act, Act October 17, 1940 c. 888, 54 Stat. 1178 as amended (50 U.S.C.A.Appendix, § 520, Sub. Sec. 3), and represents to the Court that said Joshua Lecht has been and is in the military service of the United States of America since about January, 1942 and has been overseas in said military service for approximately 12 months next prior to the filing of this motion; that the said Joshua Lecht has not been served with process in the above entitled matter; nor has he personally appeared in said above entitled action; and that the above mentioned Act provides for an Order to be made to protect the rights of said Joshua Lecht."

This is an action brought by the administrator against the defendants for an injunction under Sec. 925(a) of the Emergency Price Control Act of 1942, Tit. 50 U.S.C.A.Appendix, § 901 et seq., and for damages pursuant to Sec. 925(e) of said Act.

At the hearing on this motion the evidence discloses that Joshua Lecht is a Sergeant in the United States Army and has been in the Mediterranean area since November, 1942; that prior to his entry into the army he made his home with his father Hyman in Providence; that he has been in the service about eighteen months; that since Joshua has entered the army the Concord Dressed Beef & Veal Company has been operated by Hyman under a power of attorney from Joshua; that Joshua is not familiar with the details surrounding the operation of the business since his entry into the service.

Under the power of attorney, Hyman is authorized "to commence, prosecute or enforce or to defend, answer or oppose all actions or other legal proceedings; and also to compromise, refer to arbitration or submit to judgment in any action or proceeding."

The record discloses that service was made by leaving "a copy of the bill of complaint at the residence of Joshua Lecht with an adult person and also by leaving a copy thereof, noting the date of service thereon (July 22, 1943), together with a copy of the bill of complaint for Joshua Lecht in the hands and possession of Hyman Lecht."

Sec. 521 of Tit. 50 U.S.C.A.Appendix, of the Soldiers' and Sailors' Civil Relief Act of 1940 provides as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The government in its brief states: "It must be conceded that whenever one is seeking to obtain an in personam judgment against a defendant, the unavoidable absence of that defendant ordinarily would be prejudicial to such a person. However, plaintiff contends that the facts in the case at bar are such that Joshua Lecht is not entitled to have this case continued."

In Boone v. Lightner, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587, the Court said: "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. * * *"

I find from the facts and circumstances that the ability of Joshua Lecht to conduct his defense is materially affected by reason of his military service and warrants the court, in the exercise of its discretion, to stay these proceedings against him until further order of the court.

It is so ordered.