BOWLES, Adm'r, OPA, v. LECHT et al.
No. 258.

District Court, D. Rhode Island.
Sept. 11, 1944.

See also 68 F.Supp. 986.

Jacob S. Temkin and Santi J. Paul, both of Providence, R. I., for plaintiff.

Ernest L. Shein, of Providence, R. I., for defendants.

HARTIGAN, District Judge.

This matter was heard on the motions of the defendant Hyman Lecht (1) for a bill of particulars and (2) for dismissal of the action against him.

The Price Administrator brings this action against Joshua Lecht of the City of Providence, doing business as Concord Dressed Beef and Veal Co., and operating a slaughtering and wholesale beef and veal business in the City of Pawtucket, and against his attorney in fact, Hyman Lecht, who at all times pertinent hereto, has managed said business. The Price Administrator prays for an injunction against said defendants under Sec. 205(a) and for damages under Sec. 205(e) of the Emergency Price Control Act of 1942, Tit. 50, U.S.C.A.Appendix, § 925 et seq.

The complaint alleges that the defendants have violated the Emergency Price Control Act of 1942 by sales of beef carcasses and wholesale cuts at prices in excess of the maximum price set forth by Revised Maximum Price Regulation No. 169, by falsely grading carcasses and wholesale cuts, and by failing to keep for inspection by the Office of Price Administration complete and accurate records of every sale of beef carcasses or sides, beef wholesale cuts and veal carcasses or sides and veal wholesale cuts.

At the hearing on said motions the defendant, Hyman Lecht, waived paragraph 5 and also paragraphs 6 to 19 inclusive of his motions.

Hyman Lecht has moved for a bill of particulars which in substance asks that the plaintiff allege more clearly whether the said Hyman Lecht acted as the principal or as the agent of the defendant Joshua Lecht.

In the case of Louisiana Farmers' P. Union v. Great Atlantic & Pac. Tea Co., D. C., 31 F.Supp. 483, 489, the court said:

"Matters of evidence are not required to be stated in a bill of particulars. (Cases cited.)

"A bill of particulars will not ordinarily be granted as to matters that should be more peculiarly within the knowledge of the moving party than that of his adversary. (Cases cited.)

"The scope of a bill of particulars should ordinarily be limited to such matters as are required to enable the moving party properly to prepare his responsive pleadings and generally to prepare for trial; and particular information needed in preparation for trial should be procured by means of discovery under the rules on interroga-

tories, depositions, and discovery. (Cases cited.)" See Walling v. Alabama Pipe Co., D.C., 3 F.R.D. 159.

■ Whether the defendant Hyman Lecht acted as the principal or as the agent of Joshua Lecht is a matter "that should be more peculiarly within the knowledge" of Hyman Lecht than of the complainant.

■ The substance of Hyman Lecht's motion to dismiss is that the complaint "fails to state a claim upon which relief can be granted in that it alleges Hyman Lecht is the agent of Joshua Lecht, and said Emergency Price Control Act of 1942 does not, under Sec. 205(e), or any other section thereof, make an agent a 'seller', or liable to damages."

Sec. 205(e) of the Act provides as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * *."

The terms 'sale' and 'person' are defined in Sec. 302 of the Act as follows:

"(a) The term 'sale' includes sales, dispositions, exchanges, leases, and other transfers, and contracts and offers to do any of the foregoing. The terms 'sell', 'selling', 'seller', 'buy', and 'buyer', shall be construed accordingly."

"(h) The term 'person' includes an individual, corporation, partnership, association, or any other organized group of persons, or legal successor or representative of any of the foregoing, and includes the United States or any agency thereof, or any other government, or any of its political subdivisions, or any agency of any of the foregoing: Provided, That no punishment provided by this Act shall apply to the United States, or to any such government, political subdivision, or agency."

Brown v. Cummins Distilleries Corp. et al., 68 F.Supp. 985, decided on January 22, 1944 by the United States District Court for the Western District of Kentucky, was an action filed by the Price Administrator, Office of Price Administration, against the defendants Cummins Distilleries Corporation, its four officers, and its seven directors, three of whom are also officers, to recover treble damages under the provisions of the Emergency Price Control Act of 1942.

The court said: "This action presents one additional question not involved in Action No. 584, in that it attempts to impose liability upon the officers and directors of the Cummins Distilleries Corporation for sales made by that corporation in excess of the maximum prices established therefor. Ordinarily, such liability, if any, would be that of the corporation alone. However, Section 205(e) of the Emergency Control Act of 1942 imposes the liability prescribed by the Act upon 'any person' selling the commodity in violation of the maximum price. Section 302 of the Act defines the term 'person' as including both a corporation and its representatives. Since the complaint proceeds against the individual defendants as the representatives of the defendant corporation and alleges that they acted as its representatives in the sale and delivery of the whiskey and gin in question, it would appear for the purpose of the present motions that they are properly joined as defendants. Whether or not any individual defendant either as an officer or director participated in the sales complained of is a question of fact of such detail that the Court would prefer to receive evidence upon the issue involved rather than to dispose of the matter in a summary proceeding upon affidavits."

In view of the decision in the Brown case supra, and the above definitions, it would seem that it is proper to join Hyman Lecht, Joshua Lecht's alleged attorney in fact, who is alleged in the complaint to have managed said business at all times during the alleged violations.

The defendant Hyman Lecht's motions are, therefore, denied.