THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ZION NATIONAL KOSHER SAUSAGE FACTORY, INC., and LEO TARLOW, Appellants.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, April 19, 1945.

*Karl Propper* for appellants.

*Ignatius M. Wilkinson, Corporation Counsel (James Hall Prothero* and *Fred Iscol* of counsel), for respondent.

BAYES, Ch. J.  Appeal by defendants from judgments, twenty in all, of the Magistrate's Court of the City of New York, Long Island City District, Borough of Queens, convicting them of violations of the New York State War Emergency Act (L. 1942, ch. 445, as amd.) and imposing upon the corporation a fine of $15.00 on each of twenty complaints and sentencing the individual defendant to two days' imprisonment on each complaint, the execution of the prison sentences being suspended.

Complaints verified August 9, 1944, were made by a deputy sheriff charging twenty separate violations by defendant corporation of the regulations of the Office of Price Administration, arising out of the sale of kosher meat products, including corned beef and pickled tongue, to the Famous Astoria Delicatessen, Inc., a retailer located in Astoria, Queens County.

Complaints verified October 4, 1944, were made by a deputy sheriff charging twenty separate violations of the regulations of the Office of Price Administration by defendant Tarlow, who was secretary and treasurer of defendant corporation.  The complaints against defendant Tarlow likewise arose out of the sale of kosher meat products, including corned beef and pickled tongue.

The sales were alleged to have been made on and between February 2, 1944, and June 14, 1944, as follows:

| Docket No. (Zion National) | Docket No. (Tarlow) | Item Sold | Date of Sale | Price Per Lb. | Ceiling Price Per Lb. | Overcharge Per Lb. |
|---|---|---|---|---|---|---|
| 2685 | 3277 | 13 lb. tongue | 2/2 | 55¢ | 30-3/4¢ | 24-1/4¢ |
| 2686 | 3276 | 46 lb. corned beef | 2/16 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2687 | 3275 | 39 lb. | 2/9 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2688 | 3274 | 14 lb. tongue | 2/16 | 55¢ | 30-3/4¢ | 24-1/4¢ |
| 2689 | 3278 | 12-1/2 lb. tongue | 2/23 | 55¢ | 30-3/4¢ | 24-1/4¢ |
| 2690 | 3279 | 47 lb. corned beef | 2/23 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2691 | 3280 | 41 lb. corned beef | 3/1 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2692 | 3281 | 23-3/4 lb. corned beef | 3/22 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2693 | 3282 | 25-1/4 lb. corned beef | 3/29 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2694 | 3283 | 17-1/2 lb. tongue | 4/12 | 55¢ | 30-3/4¢ | 24-1/4¢ |
| 2695 | 3284 | 53 lb. corned beef | 4/12 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2696 | 3285 | 26-1/2 lb. corned beef | 4/19 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2697 | 3286 | 46 lb. corned beef | 5/4 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2698 | 3287 | 54 lb. corned beef | 5/10 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2699 | 3272 | 65 lb. corned beef | 5/19 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2700 | 3273 | 63-1/2 lb. corned beef | 5/24 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2701 | 3270 | 60-1/2 lb. corned beef | 5/31 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2702 | 3269 | 65-1/2 lb. corned beef | 6/7 | 56¢ | 32-1/4¢ | 23-3/4¢ |
| 2703 | 3268 | 22-1/2 lb. tongue | 6/14 | 55¢ | 30-3/4¢ | 24-1/4¢ |
| 2704 | 3267 | 59 lb. corned beef | 6/14 | 56¢ | 32-1/4¢ | 23-3/4¢ |

At the trial it was consented that two typical cases be tried together, one relating to corned beef and the other to tongue, and the disposition of the issues in these cases be accepted as determinative of the others. The cases selected in reference to the sales of corned beef appear in the foregoing list as docket No. 2686 as to the defendant corporation and docket No. 3276

as to the defendant Tarlow, covering the sales of forty-six pounds on February 16, 1944, at fifty-six cents per pound or twenty-three and three-quarter cents per pound above the ceiling price as fixed by the Office of Price Administration. The cases selected in reference to the sales of tongue include docket No. 2688 as to defendant corporation and docket No. 3274 as to defendant Tarlow, covering the sale of fourteen pounds on February 16, 1944, at fifty-five cents per pound or twenty-four and one-quarter cents per pound above the ceiling price as fixed by the Office of Price Administration.

On appeal defendants specifically state in their brief that they raise no question as to the constitutionality or validity of the regulations issued under the powers of the State War Council as provided by the New York State War Emergency Act. The main contention urged by appellants is that the sales of corned beef and tongue were not made by them but by one Sol Cohen acting as a jobber for his own account. In reaching a conclusion upon this question the Magistrate had before him the testimony of Cohen himself, who in response to a question as to his occupation stated that he was, and for the last sixteen years had been, a salesman of provisions. He further testified he worked for defendant corporation from around the 1st of September, 1943, to about the 15th of April, 1944, during which time he performed the same duties, viz., salesman and driver. This was immediately followed by the statement that on January 21, 1944, he became a jobber and continued as such from that date to about April 15, 1944. It further appears from his testimony, however, that after becoming a " jobber " he continued to use the same truck which bore the name of defendant corporation and that the fixing of the prices of the meats which he delivered was all done " from the office ". It appears that the prices were given to him by defendant Tarlow, an officer of defendant corporation. Referring to the sales to the Famous Astoria Delicatessen, Inc., Cohen stated that the bills were prepared at the office of defendant corporation and given to him by defendant Tarlow for delivery to the customers. The record discloses that after he became a " jobber " his customers, sales routine and method of collection were the same as before. The checks and cash received by him were turned over to defendant corporation.

Upon this testimony, we are of the opinion that the Magistrate was justified in regarding that the sudden transformation of Cohen from a salesman to a " jobber " was done with the co-operation and connivance of defendants for the purpose of

covering up the real nature of the relationship between themselves and Cohen. It appears, moreover, that Cohen maintained no establishment or fixed place of business either before or after the alleged transformation.

As to defendant Tarlow, the testimony discloses that as an officer he was in charge of sales to retailers; that he fixed the prices of the various meat products which were sold. As bearing upon his participation in the carrying on of the business, Deputy Sheriff Gries testified that he had a conversation with Tarlow who stated that "the reason he had to sell it for fifty-six cents a pound was that they were paying the brisket buyers anywhere from forty-five to forty-eight cents a pound, and that by selling at fifty-six cents a pound they were just about getting along with it."

Upon the entire case we conclude that the defendants, and each of them, violated the statute and that the sentences imposed were not excessive. Accordingly, the judgments should be affirmed.

BURLINGAME and PERLMAN, JJ., concur.

Judgments affirmed.