## LOGIN CORPORATION v. PORTER, Price Adm'r.

### No. 11151.

Circuit Court of Appeals, Ninth Circuit.

May 22, 1946.

Rehearing Denied June 24, 1946.

Keesling & Keil and Francis Carroll, all of San Francisco, Cal., for appellant.

George Moncharsh, Deputy Adm. for Enforcement, and Austin Clapp, Atty., OPA, both of Washington, D. C., Herbert H. Bent, Reg. Lit. Atty., and Jacob Chaitkin, Sp. Appellate Atty., both of San Francisco, Cal., and Cecil F. Poole, of Oakland, Cal., Atty., OPA, for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Chester Bowles, as Price Administrator, brought an action against appellant (The Login Corporation) and L. P. Gainsborough under § 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925(e). His prayer was for an injunction and a judgment for $10,020. Appellant and Gainsborough answered and demanded a jury trial. Thereafter two stipulations of facts were filed by the parties—one on December 4, 1944, and one on February 7, 1945.[1] The case was tried by the court without a jury on February 12, 1945, and a judgment was entered on March 28, 1945. The judgment was that the action be dismissed as to Gainsborough, that the prayer for an injunction be denied, and that the Administrator recover of appellant $3,340. Appellant has appealed.[2]

The complaint alleged, in substance and effect, that between December 1, 1943, and May 1, 1944, appellant and Gainsborough sold Cuban rock lobster at a price which exceeded by $3,340 the maximum price

[1] The stipulation of December 4, 1944, was filed on December 11, 1944. The stipulation of February 7, 1945, was filed on February 12, 1945.

[2] After the appeal was taken, Paul A. Porter succeeded Bowles as Price Administrator and was substituted as appellee in his place and stead.

permitted by the General Maximum Price Regulation, hereafter called the General Regulation, issued under § 2 of the Act, 50 U.S.C.A.Appendix, § 902.[3]

The answer denied this allegation, but stated that "these defendants [appellant and Gainsborough] admit that between the first day of December, 1943, and the last day of May, 1944, The Login Corporation [appellant], as agent and not otherwise for the Compania Comercial-Gainsborough, S.A., a corporation organized and existing under the laws of Cuba, sold a certain amount of Cuban rock lobster."

The stipulation of December 4, 1944, stated, in substance and effect, that Cuban rock lobster was sold by appellant to purchasers in San Francisco, California, during March, 1942; that the highest price charged therefor by appellant during March, 1942, was $13.50 a case; that $13.50 a case thus became and was the maximum price which the General Regulation permitted appellant to charge for Cuban rock lobster; and that between December 1, 1943, and May 1, 1944, 334 cases of Cuban rock lobster were sold by appellant to purchasers in San Francisco at a price of $23.50 a case—$10 a case above the maximum price permitted by the General Regulation.[4] Thus, for the 334 cases, the price charged exceeded the maximum price by $3,340.

The stipulation of February 7, 1945, stated, in substance and effect, that if any price regulation was violated in making the sale of the 334 cases of lobster, such violation was neither willful nor the result of failure to take practicable precautions against it. Thus, in effect, it was stipulated that the amount, if any, for which appellant was liable was $3,340.[5]

At the trial on February 12, 1945, the Administrator's attorney stated that the action might be dismissed as to Gainsborough. No issue of fact remained to be determined. Consequently no jury was empaneled, nor was any evidence, other than the stipulations, produced by either party. The court concluded that the action should be dismissed as to Gainsborough, that no injunction should be issued, and that the Administrator should recover of appellant $3,340. Hence the judgment here appealed from.

Appellant says that it was the selling agent of a foreign seller (Compania Comercial-Gainsborough, S.A.) and, as such agent, made the sale of the 334 cases of lobster. It therefore contends that the General Regulation was not applicable to the sale. In support of its contention, appellant cites the Maximum Import Price Regulation issued under § 2 of the Act, 50 U.S.C.A.Appendix, § 902.

The Maximum Import Price Regulation does not support appellant's contention. It does not, as appellant seems to think, except from the provisions of the General Regulation all sales made by selling agents of foreign sellers.[6] Instead, it provides that "Neither this regulation nor any other price regulation (unless it contains express provision governing such purchases) shall apply to the purchase of any commodity to be[7] imported into the continental United States by any person who deals directly[8] with a foreign seller whose place of business is located outside the continental United States or with his selling agent wherever located."[9]

Appellant did not allege, nor does the record show, that the 334 cases of lobster sold by appellant were to be imported into the continental United States. Instead, the record shows that they were imported into the continental United States prior to the sale, were in the continental United States at the time of the sale, and hence

---

[3] The General Regulation provides that "No person shall sell * * * any commodity * * * at a price higher than the maximum price permitted by this Regulation," and that, with inapplicable exceptions, "the seller's maximum price for any commodity * * * shall be * * * The highest price charged by the seller during March, 1942." 7 F.R. 3153.

[4] See footnote 3.

[5] See § 205(e) of the Act, 50 U.S.C.A. Appendix, § 925(e).

[6] Appellant's brief states that such sales "were expressly exempted from price control by the Maximum Import Price Regulation" and hence are not subject to the General Regulation.

[7] Emphasis supplied.

[8] Emphasis supplied.

[9] 8 F.R. 11681.

were not *to be* imported into the continental United States.[10] Appellant did not allege, nor does the record show, that the persons to whom the sale was made dealt *directly* with appellant. Instead, the record shows that they dealt with appellant through a broker, E. L. Roberts & Company.[11] Hence, regardless of whether or not appellant was the selling agent of a foreign seller, the General Regulation was applicable.

Judgment affirmed.

[10] This appears from the stipulation of December 4, 1944.

[11] This, too, appears from the stipulation of December 4, 1944.