**PORTER, Price Administrator, v. KRAMER et al.**

No. 13308.

Circuit Court of Appeals. Eighth Circuit.

July 19, 1946.

Samuel Mermin, Chief, Sp. Litigation Branch, Office of Price Administration, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, Milton Klein, Director, Litigation Div., and Albert J. Rosenthal, Atty., Office of Price Administration, all of Washington, D. C., Robert F. Proctor, Regional Litigation Atty., of Dallas, Tex., and George L. Robertson, Dist. Enforcement Atty., of Fort Worth, Tex., on the brief), for appellant.

E. D. Franey, of St. Louis, Mo. (S. D. Flanagan, of St. Louis, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

In this action the Price Administrator charged the appellees, manufacturers of furniture, with violations of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. The complaint in two counts asked an injunction restraining appellees from further violations of the Act and the recovery of treble damages under section 205(e) of the Act, because of alleged sales of furniture above ceiling prices established under the Act. The Price Administrator appeals from a judgment sustaining appellees' motion to dismiss the action for damages.

The answer to the question presented depends upon the interpretation of Maximum Price Regulation No. 188, as amended (7 F.R. 5872), effective on the 1st day of August, 1942, and in force at all times involved in this proceeding. The Regulation provides rules fixing the maximum prices applicable to sales by manufacturers of certain consumer goods, including household furniture of the kinds and classes manufactured and sold by appellees. It sets forth the procedure for establishing maximum prices in dollars and cents by reference to a specified base period or, when that procedure is not applicable to a given commodity, by means of four pricing methods by which maximum prices in dollars and cents for commodities subject to the Regulation may be determined. For commodities, subject to the Regulation, which can not be priced under any of the first three pricing methods set out in the Regulation, section 1499.158 of the Regula-

tion (fourth pricing method) provides that the maximum prices allowable "shall be the * * * prices in line with the level of maximum prices established by this Maximum Price Regulation No. 188, fixed by the Price Administrator 'r his duly authorized representative." For the determination of maximum prices in dollars and cents for commodities covered by this section of the Regulation, the manufacturer is required, prior to offering the commodities for sale, to apply to the Office of Price Administration for a specific authorization of maximum prices. Pertinent parts of section 1499.158[1] are printed in the margin.

By section 1499.162 of the Regulation persons violating any provision of the Regulation are subjected to the criminal penalties, civil enforcement actions, and suits for treble damages provided by the Emergency Price Control Act of 1942.

Maximum prices for the commodities manufactured and sold by appellees could not be established under any of the first three pricing methods provided in Regulation No. 188. It was therefore necessary for appellees to follow the fourth pricing method and, before offering any such commodities for sale, to apply to the Price Administrator for the authorization of maximum prices in dollars and cents in line with the level of maximum prices fixed by the Regulation. Appellees, however, in violation of the plain terms of section 1499.158 of the Regulation, began the sale of the articles manufactured by them prior to application to the Price Administrator for the determination of maximum prices, and from June 23, 1944, through May 16, 1945, made at least 8,507 unit sales of the articles manufactured by them to jobbers and retailers of furniture. On February 23, 1945, appellees made application to the Price Administrator for the authorization of maximum prices, and, in response to the application, the Price Administrator by Order No. 21 issued on the 19th day of May, 1945, authorized maximum prices in dol-

[1] "Section 1499.158. Fourth pricing method—specific authorization by the Office of Price Administration. (a) Maximum prices. The maximum price for any 'article or group of related articles which cannot be priced under §§ 1499.155, 1499.-156, or 1499.157, shall be the price or prices in line with the level of maximum prices established by this Maximum Price Regulation No. 188, fixed by the Price Administrator or his duly authorized representative. The maximum price will be fixed in the form of an order establishing a maximum price or a method for determining maximum prices for the applicant. The order may also establish maximum prices for sales by persons other than the manufacturer. Maximum prices so established for sales by persons other than the manufacturer supersede prices fixed by other regulations for such sales.

"Reports of maximum prices. Prior to first offering the article for sale the manufacturer shall submit to the Office of Price Administration, Washington, D. C., a report in duplicate applying for specific authorization of a maximum price.

"A form for this purpose is obtainable at any Office of Price Administration District or Regional Office. Before submitting his report to the National Office, the manufacturer should consult the appropriate District Office to make sure that the form is properly completed. The National Office may refer this report to the appropriate field office for action.

"The report shall contain a description in detail of the articles (including the manufacturing process), a statement of the facts which make it necessary to price the article under this section, and the proposed maximum price, with a detailed explanation of its computation. If the manufacturer applies for approval of a pricing formula for a line or group of related articles, he shall include in his report a description in detail of the articles, including the manufacturing processes, and the manner in which they differ from one another, a statement of the pricing formula he proposes for such articles or the maximum prices he proposes, with a detailed explanation of their computation, and the reasons why such maximum prices or pricing formula will establish maximum prices in line with the level of maximum prices established by this Maximum Price Regulation No. 188. The manufacturer should also submit a sample of the article being priced, if practicable; and, upon request of the Office of Price Administration, shall submit such a sample, or in lieu of a sample, a photograph or blueprint or other illustration of the article being priced. In addition, the manufacturer shall submit such other relevant information to supplement his report as the Office of Price Administration may require. Upon receipt of the authorization, the manufacturer may offer the article for sale in accordance with the terms of the authorization. * * *"

lars and cents and "in line with the level of maximum prices established by this Maximum Price Regulation No. 188" for the commodities manufactured by appellees. The prices received by appellees on all sales prior to Order No. 21 exceeded the maximum prices fixed by the Order. The Administrator's action for damages is for judgment for treble the amount of these overcharges.

The District Court sustained appellees' motion to dismiss the action for damages "for the reason that * * * Plaintiff's petition shows on its face that all of the alleged sales which Plaintiff avers were above the maximum prices set by Order No. 21 * * * were made prior to the date of said order (May 18, 1945), and because under the Emergency Price Control Act Plaintiff may only bring an action for treble damages where the seller has violated a regulation, order or price schedule prescribing a maximum price and since maximum prices (the violation of which Defendants are charged with) were not set at the time of the alleged violation * * * the Complaint fails to state a claim upon which relief can be granted."

■ In reaching the conclusion above stated, the District Court failed to give full effect to Maximum Price Regulation No. 188. We think the Regulation in question is to be fairly interpreted as "prescribing a maximum price or maximum prices" within the meaning of section 205(e) of the Emergency Price Control Act. The Regulation prescribed prices for certain goods in dollars and cents by reference to a stated base period, methods for determining dollars and cents prices for other goods by resort to formulas set out in the Regulation, and for goods not falling within the categories mentioned provided maximum prices in line with the level of maximum prices established by the Regulation and the means for the determination of these prices in dollars and cents. The commodities which the appellees sold were goods for which the maximum prices had been prescribed in the sense that the articles were covered by the Regulation, were to be priced on the same general level as other commodities subject to the Regulation, and the means for as-

certaining the maximum prices in dollars and cents provided.

■ When the appellees sold the commodities involved in this case, they were charged with knowledge that the commodities were subject to Maximum Price Regulation No. 188; that they could not lawfully be sold at prices above the level of the prices for other commodities subject to the Regulation nor until prices in dollars and cents within the permissible level had been authorized by the Price Administrator; and that, if the commodities were sold at prices above the level of prices authorized for other commodities subject to the Regulation as later determined by the Administrator, the excesses would be overcharges which would subject the appellees to the treble damage provision of section 205(e) of the Act. All that was accomplished by Order No. 21, issued by the Price Administrator in response to appellees' application required by Regulation No. 188, was to fix in dollars and cents the maximum prices applicable to appellees' goods, and thus to determine, in the manner and by the means clearly provided in Regulation No. 188, the measure in money by which the prices charged by appellees exceeded the level of maximum prices fixed by the Regulation for commodities covered by the Regulation. That the dollars and cents prices and the measure in money of the appellees' liability for violation of the Regulation were fixed after appellees' sales instead of before was due to appellees' failure to obey the plain provisions of Regulation No. 188 and not to any insufficiency in the Regulation. Appellees may not complain if they find themselves subject to an action for damages caused by their admitted failure to obey the Regulation and to ascertain by the means provided in the Regulation the dollars and cents prices applicable to their goods before selling them. In final analysis, appellees' argument in support of the District Court's judgment is that the measure in money of their liability for a deliberate violation of law was not exactly determined before they committed the violation which subjects them to liability.

What we have said concerning Maximum Price Regulation No. 188 makes it unneces-

sary to consider other arguments advanced by appellees and appellant in support of and in opposition to the judgment of the District Court.

Reversed and remanded for further proceedings.