## PORTER v. SCHAEFER.

### Civ. No. 327.

District Court, S. D. California, N. D.

Oct. 24, 1946.

MATHES, District Judge.

The Administrator seeks judgment against defendant on behalf of the United States in the sum of $1,123.58 for violations of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq. Injunctive relief is also sought.

The violations are alleged to have occurred in connection with the sale of imported Mexican clothespins to certain retailers in the city of Bakersfield, California. Determination of the maximum prices for imported clothespins is made pursuant to the Maximum Import Price Regulation (8 F.R. 11681).

In order to procure a maximum price to be fixed by the Administrator under that regulation, the seller is required to file an application with the Export-Import Branch of the Office of Price Administration. The regulation provides that: "The importer, primary wholesaler, or secondary wholesaler may deliver the goods to his customer, but he shall not accept payment therefor until his selling price has been approved by the Office of Price Administration."

Prior to approval of any maximum price under this regulation, defendant as salesman for one Rojas sold and delivered the imported clothespins in question to retailers and accepted payment for the quantities delivered. Subsequently the Office of Price Administration, upon defendant's applica-

tion, issued Order No. L-9521 approving a maximum price for the sale of such clothespins to retailers.

The Administrator contends that this order establishes the maximum price for the sales made prior to issuance and bases his claim for overcharges thereon. The Administrator further urges that § 204 of the Act, 50 U.S.C. Appendix, § 924, deprives this court of jurisdiction to pass upon the validity of such retroactive application of Order No. L-9521.

While § 204 creates an Emergency Court of Appeals with exclusive jurisdiction, subject only to review by the Supreme Court, to determine the validity of the Administrator's orders and regulations, § 205 (a) and (c) of the Act, 50 U.S.C. Appendix, § 925 (a) and (c), confers upon this court jurisdiction to enforce such regulations and price orders. In exercising such power, this court must necessarily pass upon the scope of each regulation or order involved and its applicability to the particular facts at bar. Cf. Porter v. Senderowitz, 3 Cir., 158 F.2d 435. In this case any application of the price order in question requires a determination of whether or not the order is to have a retroactive effect.

The objection to permitting orders to be retroactive is that the Administrator cannot make an act penal which was not penal when done. Bowles v. Griffin, 5 Cir., 1945, 151 F.2d 458, 461. But that is not the situation here, since the sales in the case at bar were penal prior to issuance of the order, having been consummated in violation of the regulation. The extent of the violation should be measured by what would have been the maximum price had the order approving a maximum price been issued prior to the sales.

It has recently been held by the third, eighth and ninth Circuit Courts of Appeal that where a regulation requires the seller to secure approval of a maximum selling price from the Administrator before he may sell, the overcharges as to sales consummated in advance of an approval of the price shall be measured by the maximum selling price subsequently established by the Administrator. Porter v. Senderowitz, supra, 3 Cir., 158 F.2d 435; Porter v. Kramer,

8 Cir., 156 F.2d 687; Martini v. Porter, 9 Cir., 157 F.2d 35.

If this measure proves inexact, the seller alone is to blame. He will not be heard to complain of inexactness occasioned by his failure to comply with the requirements of the regulation. Story Parchment Co. v. Paterson Parchment Paper Co., 1931, 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544; Hetzel v. Baltimore & O. R. Co., 1898, 169 U.S. 26, 39, 18 S.Ct. 255, 42 L.Ed. 648; F. W. Woolworth Co. v. N.L.R.B., 2 Cir., 1941, 121 F.2d 658, 663.

As Judge Bone pointed out in Martini v. Porter, supra, a contrary view might lead to the conclusion that a seller could lawfully ignore or defy the regulation and thereafter, when sued, successfully defend the suit and retain the profits directly flowing from this act of defiance or indifference.

The complaint alleges that defendant made the sales in question as a wholesaler, but the evidence disclosed that one Rojas was the importer of the clothespins and that defendant in selling them acted as salesman for Rojas. It is difficult to find Congressional intent that the provisions for damages for overcharges should subject sales personnel to personal liability. If there is such personal liability, as the Administrator here contends, a salesperson working for a nominal salary might be subject to liability for an amount many times greater than his earnings. This would impose upon all sales personnel the burden to determine if the article is lawfully priced.

It has been held that the president and treasurer of a corporation were not personally liable for damages because of overcharges in sales made by the corporation. Bowles v. Cardinal Cutlery Corp., D.C.S.D.N.Y., 69 F.Supp. 435. Judge Leibell there made a thorough analysis of the question. After considering various provisions and definitions in the Act, he concludes that: "These definitions affirm the distinction between the 'seller' and a 'salesman'. The 'seller' is the owner of the business * * *. The 'seller' is not an officer of the corporation, or one of its salesmen. * * * 205(e) relates to overcharges of the seller, i.e., of the person whose commodity is sold, and logically the-

suit would be against the seller to recover the overcharge or statutory damages which he has received and pocketed."

The Administrator cites the following decisions as authority for his contention that defendant, even though only a salesman, is liable under § 205(e) of the Act: Brown v. Cummins Distilleries Corp., D.C.W.D.Ky., 1944, 68 F.Supp. 985; Bowles v. Lecht, D.C.R.I., 1944, 68 F.Supp. 986; McFadden v. Shore, D.C.E.D.Pa., 1945, 60 F.Supp. 8; Kurland v. Bukspan, 184 Misc. 590, 55 N.Y.S.2d 135; Ziebell v. Kagan, 3 Opin. & Dec. 2144 (Municipal Court for Oshkosh, Wis., 1945), and People v. Zion National Kosher Sausage Factory, Inc., 184 Misc. 689, 54 N.Y.S.2d 785.

In the Cummins Distilleries case, the Administrator brought an action for treble damages against a corporation for over-ceiling sales made by the corporation, joining as defendants four officers and seven directors, three of whom were also officers. Motions to dismiss made by the individual defendants were denied, and it was held that they were properly joined. The court said [68 F.Supp. 986]: "Ordinarily, such liability, if any, would be that of the corporation alone. However, Section 205(e) of the Emergency Control Act of 1942 imposes the liability prescribed by the Act upon 'any person' selling the commodity in violation of the maximum price. Section 302 of the Act [50 U.S.C.A.Appendix, § 942] defines the term 'person' as including both a corporation and its representatives. Since the complaint proceeds against the individual defendants as the representatives of the defendant corporation and alleges that they acted as its representatives in the sale and delivery of the whiskey and gin in question, it would appear *for the purpose of the present motions* that they are properly joined as defendants." (Emphasis added.)

Bowles v. Yankee Brewing Co., D.C.M.D. Pa. 1945, 62 F.Supp. 588 is another case in which a motion to dismiss a complaint against an officer of a corporation in an action for treble damages was denied. And again the ground of the decision was that the allegation of the complaint, if proved, was sufficient "to support a finding that individual defendant was a legal representative of defendant corporation, and hence was a proper party * * *."

Bowles v. Lecht, supra, was an action for damages under § 205(e) against Joshua Lecht, and his attorney-in-fact, Hyman Lecht, who managed the business. Basing its decision upon Brown v. Cummins Distilleries, Corp., supra, the court held the attorney-in-fact liable as the legal representative of the owner within the meaning of § 302(h).

McFadden v. Shore, supra, was an action for damages for rental overcharges. There a father collected the rents in question as the authorized agent of his son. The court denied the father's motion to dismiss. But the decision in that case was based on § 13(a) (8) of the Maximum Rent Regulation for Housing (8 F.R. 7328) which defines a "landlord" as an owner, lessor, sublessor, assignee or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodation, or any agent of any of the foregoing. The same is true of Kurland v. Bukspan, supra, which also arose under the rent regulation.

Ziebell v. Kagan, supra, was an action in the Municipal Court of Oshkosh, Wisconsin, for an overcharge in the sale of a refrigerator. The court denied the defendant's motion to amend his answer to allege that he was only acting as agent of his father who owned the refrigerator. It was held that the defendant son would be liable as the "representative" of his father.

No question of damages for overcharges under § 205(e) was involved in the Zion National Kosher Sausage case, which was a criminal proceeding in the New York City Court of Special Sessions. There criminal penalties for sales of meat above ceiling prices were invoked against a corporation and its secretary-treasurer who set the prices.

After a consideration of all the cases cited, I regard the decision in Bowles v. Cardinal Cutlery Corp., supra, as setting forth the proper construction of the Act with respect to the liability of agents and salesmen for overcharges or statutory damages. Cf. Login Corp. v. Porter, 9 Cir., 1946, 155 F.2d 623. It is not necessary for me to hold that corporate officers and di-

rectors are not within the contemplation of § 205(e), since that question is not now before me.

▮ Only the seller—the "person selling a commodity"—is liable for damages under § 205(e). The Administrator may proceed against salesmen or agents of the seller by way of injunction under § 205(a) or by criminal prosecution under § 205(b).

▮ I find that the defendant in the case at bar was a salesman for Rojas but not his "legal representative" within the meaning of that phrase as used in the definition of "person" in § 302(h) of the Act. I further find that Rojas, and not the defendant, was the "seller," or the "person selling a commodity," within the meaning of § 205(e) of the Act. I therefore hold that defendant is not liable for damages for the sales of imported clothespins above the maximum price and in violation of the Maximum Import Price Regulation.

In addition to damages, the Administrator seeks injunctive relief to restrain defendant from further violations and to compel him to keep and preserve the records required by the applicable regulation. Under the circumstances in evidence, plaintiff is entitled to have defendant enjoined as prayed.

Counsel for plaintiff will submit findings of fact, conclusions of law and judgment for approval under local rule 7 within 10 days.